J-S04026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN HURLEY | |
| Appellant | No. 2457 EDA 2016 |

Appeal from the PCRA Order July 18, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002888-2008

BEFORE:  SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                                **FILED APRIL 04, 2017**

Kevin Hurley appeals, *pro se*, from the order entered July 18, 2016, in the Chester County Court of Common Pleas, dismissing his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   Hurley seeks relief from the judgment of sentence of an aggregate term of 10 to 20 years' imprisonment imposed on January 7, 2009, following his entry of a negotiated guilty plea to charges of possession within intent to deliver ("PWID") methamphetamines and criminal conspiracy.[1]  On appeal, Hurley contends the PCRA court erred in dismissing his petition as untimely filed.  For the reasons below, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 903, respectively.

The relevant facts and procedural history underlying this appeal are as follows.  On January 7, 2009, Hurley entered a negotiated guilty plea to four counts of possession with intent to deliver methamphetamines and one count of criminal conspiracy.  The charges originated from Hurley's sale of methamphetamines to a confidential informant on four occasions in March and April of 2008.  Pursuant to the negotiated plea, the trial court sentenced Hurley to an aggregate term of 10 to 20 years' imprisonment.  The sentence was comprised of four mandatory minimum terms for the drug offenses, imposed pursuant to 18 Pa.C.S. § 7508(a)(4), two of which ran consecutively, and a concurrent term of imprisonment for the conspiracy charge.[2]  No direct appeal was filed.

On April 4, 2014, Hurley filed a *pro se* PCRA petition, asserting that the mandatory minimum sentences imposed were illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).[3]  Counsel was appointed, but later

---

[2] Specifically, Hurley was sentenced as follows:  (1) for PWID of 6.7 grams, a term of five to 10 years' imprisonment; (2) for PWID of 6.8 grams, a consecutive term of five to 10 years' imprisonment; (3) for PWID of 13.3 grams, a concurrent term of seven to 14 years' imprisonment; (4) for PWID of 8.6 grams, a concurrent term of five to 10 years' imprisonment; and (5) for criminal conspiracy, a concurrent term of five to 10 years' imprisonment.

[3] In ***Alleyne***, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, ***supra***, 133 S.Ct. at 2155.  In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, including Section 7508, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a
*(Footnote Continued Next Page)*

filed a motion to withdraw and **Turner/Finley**[4] "no merit" letter finding Hurley's petition was untimely filed. Hurley filed a *pro se* response on July 18, 2014. However, the PCRA court subsequently issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without first conducting an evidentiary hearing. Although Hurley filed another *pro se* response to the Rule 907 notice, the PCRA court ultimately dismissed the petition on September 8, 2014, and granted counsel's petition to withdraw.

On appeal, a panel of this Court affirmed, concluding Hurley's petition was untimely filed, and his **Alleyne** claim did not satisfy any of the time-for-filing exceptions in the PCRA. **See Commonwealth v. Hurley**, 121 A.3d 1121 [2866 EDA 2014] (Pa. Super. 2015) (unpublished memorandum at *3-5). Hurley did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On March 16, 2016, Hurley filed the instant, *pro se* PCRA petition, his second. On May 26, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice,

*(Footnote Continued)* ───────────

defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). **See Commonwealth v. Mosley**, 114 A.3d 1072, 1091 (Pa. Super. 2015) (invalidating 18 Pa.C.S. § 7508). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman**, **supra**, 99 A.3d at 101.

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

and Hurley, once again, filed a *pro se* response. Nevertheless, the PCRA court dismissed the instant petition as untimely filed on July 18, 2016. This timely appeal followed.[5]

Although Hurley purports to raise five issues in his questions for review,[6] essentially, he challenges the PCRA court's finding that his petition was untimely filed and that he failed to prove any of the time-for-filing exceptions. Specifically, he argues the PCRA court had jurisdiction to consider his illegal sentencing claims based on "retroactive principles" outlined by the United States Supreme Court in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (U.S. 2016), and ***Miller v. Alabama***, 132 S.Ct. 2455 (U.S. 2012).

> When considering an appeal from an order denying PCRA relief,
>
> [o]ur standard of review … is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

Before we may address any substantive issues on appeal, however, we must first determine whether a petition was timely filed.

---

[5] Hurley filed a concise statement of errors complained on appeal the same day as his notice of appeal.

[6] ***See*** Hurley's Brief at 3-4.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). In our prior decision affirming the denial of relief on Hurley's first PCRA petition, we agreed with the determination of the PCRA court that the petition was untimely filed. **See Hurley**, **supra**. The same is true here. Hurley's judgment of sentence was final on February 6, 2009, 30 days after he was sentenced and the time for filing a direct appeal had expired. Therefore, he had until February of 2010 to file a timely PCRA petition, and the one presently before us, filed more than six years later, is facially untimely. **See id.** at *3.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Here, Hurley argues his claim is cognizable under the newly recognized constitutional right exception, which permits the filing of an otherwise

untimely petition when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States … after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).  Specifically, he claims the United States Supreme Court's recent decision in **Montgomery** allows him to seek relief under **Alleyne**.  He contends:

> [T]he retroactive principles of **Montgomery/Miller**, or the "new substantive rule of constitutional law" opens the door or entitles Hurley to PCRA relief pursuant to the [holdings] in **Alleyne v. Unites States**, … because the trial court's imposition of the "consecutive mandatory minimum sentences" constitutes 'cruel and unusual punishment' in violation of Hurley's right under the Eighth Amendment, when the statutes the trial court relied upon for imposition of said mandatory minimum sentences, have been deemed unconstitutional and illegal sentences by **Alleyne** and several other state courts.

Hurley's Brief at 24.

Our review of Hurley's brief reveals the underlying claim in the present appeal is the same as that pursued in his prior appeal – that is, the mandatory minimum sentences imposed by the trial court pursuant to Section 7508 have since been declared unconstitutional under **Alleyne**.  In the prior appeal, the panel found this claim did not satisfy any of the time-for-filing exceptions under the PCRA.  **See Hurley**, **supra** at *3-4.  Specifically, the panel concluded the decision in **Alleyne** did not meet the newly recognized constitutional right exception because the ruling had not been held to apply retroactively to cases on collateral review by either the United States Supreme Court or the Pennsylvania Supreme Court.  **See id.**

at *4. After that decision, the Pennsylvania Supreme Court, in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), explicitly held: "*Alleyne* does not apply retroactively to case pending on collateral review[.]" *Id*. at 820.

Nevertheless, Hurley now argues the United States Supreme Court's decision in *Montgomery* somehow causes the *Alleyne* "line of cases" to be retroactive.[7] We disagree. In *Montgomery*, the Supreme Court held that its prior decision in *Miller v. Alabama*, *supra* — which declared that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishments — constituted a new substantive rule that must be applied retroactively to cases on collateral review. Hurley's reliance on *Montgomery* is misplaced because, as noted above, subsequent to and mindful of the *Montgomery* decision, the Pennsylvania Supreme Court in *Washington* held *Alleyne* does not apply retroactively to cases on collateral review. *See Washington*, *supra*, 142 A.3d at 818 (explaining, *inter alia*, "[T]he *Alleyne* rule neither alters the range of conduct or the class of persons punished by the law. *See Montgomery*, []136 S. Ct. at 729-30."). To date, there is no

---

[7] We note *Montgomery* was filed on January 25, 2016. Therefore, Hurley's PCRA petition, filed on March 16, 2016, was properly filed within 60 days of the *Montgomery* decision pursuant to Section 9545(b)(2).

United States Supreme Court decision holding that **Alleyne** applies retroactively to untimely PCRA petitions. Accordingly, no relief is warranted.

Because Hurley's challenge to his mandatory minimum sentences does not invoke any of the time-for-filing exceptions, we agree with the ruling of the PCRA court that Hurley's petition was untimely filed.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017

---

[8] Although not included in his statement of questions, Hurley also argues the trial court erred in failing to impose the Recidivism Risk Reduction Incentive ("RRRI") program at sentencing. **See** Hurley's Brief at 29, 34-35. Hurley correctly states a trial court's failure to determine a defendant's eligibility for an RRRI minimum sentence is a "non-waivable illegal sentence claim." **Id.** at 35, *citing* **Commonwealth v. Tobin**, 89 A.3d 663 (Pa. Super. 2014). However, Hurley fails to explain how this claim meets one of the time-for-filing exceptions. Indeed, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (1999). Therefore, Hurley is entitled to no relief on this claim either.